**Opinion issued August 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00337-CV

————————————

**LORETTER BROCK, Appellant**

**V.**

**YANWEI CEN, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1106584**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellant, Loretter Brock, appeals from the trial court's judgment granting possession of certain real property to appellee, Yanwei Cen. We dismiss the appeal as moot.

The only issue in a forcible-detainer action is the right to actual possession of the subject property; "the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746; *see Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768–69 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Therefore, although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see Wilhelm*, 349 S.W.3d at 768; *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.).

The record reflects that appellant did not supersede the judgment, a writ of possession was executed on April 2, 2018, and that appellant no longer has possession of the property at issue in the underlying forcible detainer action. On July 12, 2018, this Court issued a letter informing appellant that the record indicates that the appeal is moot because appellee now has possession of the subject property. We requested that appellant file a response to whether the appeal was moot. Appellant did not timely respond, and, therefore, has failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See*

*Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) (stating that appellant who failed to respond to appellee's motion to dismiss had failed to assert potentially meritorious claim of right to current, actual possession).

Accordingly, we dismiss the case as moot. *See Marshall*, 198 S.W.3d at 785, 787, 790; *Wilhelm*, 349 S.W.3d at 769; *Bey v. ASD Fin., Inc.*, No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (mem. op.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue); *see also* TEX. R. APP. P. 42.3(c). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Caughey.